
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY F. REEVES,

              Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

              Defendant - Appellee.

No. 11-56930

D.C. No. 2:10-cv-00259-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Submitted August 29, 2013[**]
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Paul C. Huck, District Judge for the U.S. District Court for the Southern District of Florida, sitting by designation.

Appellant Mary Reeves (Reeves) challenges the denial of her claim for disability insurance benefits. She argues that the Social Security Administration (the Agency) erred in concluding that her work at the Veterans Affairs Hospital (VA) from 1991-1997 constituted substantial gainful activity (SGA) despite her receipt of special accommodations. We vacate and remand.

1. If a claimant engaged in SGA during "any period" in which the claimant alleges disability, the Agency will find that she is "not disabled." 20 C.F.R. § 404.1571. The Agency's "primary consideration" when evaluating whether work constitutes SGA is "the earnings you derive from the work activity." 20 C.F.R. § 404.1574(a)(1). Generally, if a claimant "worked for substantial earnings," the Agency will find her capable of SGA. *Id*. Because Reeves' average earnings from 1991-1997 exceeded the $500 average monthly threshold, *see id*. 404.1574(b) & Table 1, she is subject to the presumption that she engaged in SGA.

2. The presumption that Reeves engaged in SGA may be rebutted by excluding "any income that is not directly related to [her] productivity." *Id*. at § 404.1574(a)(2). Accordingly, when a claimant's "earnings exceed the reasonable value of the work" actually performed, the agency only considers "that part of [the

2

claimant's] pay which [was] actually earn[ed]." *Id.* To the extent wages are increased by a subsidy, the amount of the subsidy is deducted from wages. *See id.* Special work conditions may constitute "[n]on-specific subsidies," which can include, among other things, modified job duties and "unusual assistance or supervision." Soc. Sec. Ruling 83-33, 1983 WL 31255, at *4-5 (1983). The critical inquiry is whether the special conditions have some significant impact on the value of work performed, such that a portion of the earnings should not be "counted." 20 C.F.R. § 404.1574(a)(1)-(2).

3. In the first federal action, the district court affirmed the Agency's conclusion that Reeves' pay was "commensurate with her work" and thus her work was not subsidized. Based on this language, the ALJ assumed that he was precluded from reconsidering the subsidy issue. The district court did *not*, however, rule on whether any special work conditions constituted a non-specific subsidy. Indeed, the court noted that "[w]ork performed under special conditions may, regardless of the stated level of earnings, indicate that the employee is not working at the substantial gainful activity level." (citation and alterations omitted). Ultimately, the district court remanded the case to the agency for a determination of whether Reeves was employed in a sheltered workshop. On remand, the ALJ considered an

3

assessment from a vocational expert who opined that Reeves' reduced value to the VA could have been "substantial" in light of "various costs including: consulting and contracting to make workstation accommodations; manpower to fulfill balance of job tasks and cover her desk during her absences; financial outlay for physical workstation accommodations; costs of lost work time and insurance premium increases." The district court's prior ruling did not preclude consideration of whether these costs constituted non-specific subsidies. *See* Soc. Sec. Ruling 83-33, 1983 WL 31255, at *4-5; *see also* 20 C.F.R. § 404.1573(c).

4.     Substantial evidence supports the ALJ's determination that Reeves' work at the VA was not in a sheltered workshop environment. A sheltered workshop is an institution designed to prepare impaired individuals for entry into the general workforce. *See* Program Operations Manual System (POMS), RS 02101.270. Whether an individual is considered an "employee" in a sheltered workshop depends on numerous factors, including whether the services have commercial value and whether wages bear some relationship to the work. *See id.* Even in a sheltered workshop, however, a claimant may engage in SGA in light of "the reasonable worth of the work" performed. 20 C.F.R. § 404.1574(a)(3).

The ALJ reasonably concluded that Reeves' job was not performed in a sheltered workshop in light of her long tenure, the nature of the work, and the value of the work to her employer. The ALJ acknowledged that Reeves' work was performed under special conditions, but believed that he was precluded from determining whether those conditions constituted a subsidy. However, because the district court did not completely resolve the subsidy issue, the ALJ was not precluded from making that determination. Accordingly, we vacate the judgment and remand this case to the district court. The district court is instructed to remand this case to the agency to determine whether the special conditions of Reeves' workplace constituted a non-specific subsidy. We express no view on the merits of this inquiry.

**AFFIRMED in part, VACATED and REMANDED in part. Each party is to bear its costs on appeal.**

**The panel retains jurisdiction over this appeal.**